## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| DAVID BURNS and KATRINA BOUCHER,<br><br>           Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | CV 20-25-BU-JTJ<br><br><br>**MEMORANDUM<br>AND ORDER** |

## INTRODUCTION

This lawsuit arises from a hazardous waste clean-up operation conducted by the Environmental Protection Agency (EPA) at Norris Labs in Norris, Montana. Plaintiffs David Burns and Katrina Boucher allege that contractors working for the EPA negligently discarded personal property that belonged to them, and negligently damaged their recreational vehicle. Plaintiffs have asserted negligence claims against the government under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

Presently before the Court is the government's motion for summary judgment. Plaintiffs oppose the motion.

## BACKGROUND

Norris Labs is located in a residential area adjacent to a creek, upstream of Norris Hot Springs and a public campground.  The EPA inspected Norris Labs in June 2018.  The EPA discovered hundreds of containers with improperly stored hazardous substances.

The EPA hired Environmental Resources, LLC (Environmental Resources) to conduct an emergency removal action in July 2018 to abate the hazards at Norris Labs.  Environmental Resources removed chemicals and contaminated items from Norris Labs and discarded them.  Matt Francis (Francis) was the Program Manager for Environmental Resources.  Martin McComb (McComb) was the On-Scene Coordinator for the EPA.

Plaintiffs, along with Norris Labs owner Bob Prather (deceased), operated Norris Labs from 2011 through June 2018.  Plaintiffs resided in a home located on the Norris Labs property.  Plaintiffs stored various items of personal property in a workshop located on the property.

Francis and McComb determined that the workshop was the best place to stage packaged hazardous waste containers until the containers could be removed from the property.  Francis and McComb told Burns that Environmental Resources would need to remove Plaintiffs' personal property from the workshop to make

space available for the containers.  Burns was concerned that many of the items in the workshop may have been contaminated.

Burns and McComb reviewed the items in the workshop.  Burns agreed to mark the items that he wanted to keep with duct tape.  Environmental Resources cleaned the items that Burns had marked and set them aside.  Environmental Resources discarded the unmarked items that Burns did not want to keep.

Burns and Boucher were present at the Norris Lab site the majority of the time during the remediation activities.  Neither objected to Environmental Resources discarding the unmarked items.  Neither asked Environmental Resources to keep and clean additional items that were not initially marked with duct tape.

After Environmental Resources completed this process, Francis and McComb assessed the items that had been discarded.  Francis and McComb discussed a proposal to compensate Burns for the discarded items by giving him $500 and a new shop vacuum.  Francis and McComb presented Burns with the offer.  Burns accepted the offer.  Burns was presented with a document entitled "Removed Materials Compensation Claim Form."  (Doc. 17-9).  Burns signed the Claim Form.  Through his signature, Burns acknowledged that the $500 check was "fair and reasonable compensation" for the items removed from the workshop

during the remediation activities, and "not replaced by the government or its

contractors." (Doc. 17-9). McComb signed the Claim Form on behalf of the EPA.

Francis signed the Claim Form on behalf of Environmental Resources. *Id.*

      Burns claims now that he did not thoroughly read the Claim Form and did

not understand it.

      Plaintiffs also own a recreational vehicle (RV). The RV was parked on the

Norris Labs property when the remediation activities were conducted. Plaintiffs

allege that their RV suffered damage during the remediation process when a semi-

truck owned by contractor ACT Enviro made contact with the RV.

      Plaintiffs filed this lawsuit on July 8, 2020. Plaintiffs allege that

Environmental Resources negligently discarded numerous items that were in the

workshop. Plaintiffs also allege that ACT Enviro negligently damaged their RV.

Plaintiffs have asserted negligence claims against the United States seeking

compensation for the discarded items and for the damage to their RV. (Doc. 1 at

4).

      The government filed their motion for summary judgment on September 3,

2021. The government argues that Plaintiffs' Complaint should be dismissed for

two reasons. The government argues all of Plaintiffs' claim should be dismissed

because the Court lacks subject matter jurisdiction. The government argues that

-4-

jurisdiction is lacking because Plaintiffs' claims are barred by the independent

contractor exception to the FTCA. The government further argues that Plaintiffs'

claim with respect to the discarded items should be dismissed because the

undisputed facts show that Plaintiffs have been fully compensated for all of the

items that Environmental Resources discarded. (Doc. 16 at 13-20).

Plaintiffs oppose the government's motion in part. Plaintiffs concede that

their claim with respect to the alleged damage to the RV should be dismissed.

Plaintiffs agree that the claim is barred by the independent contractor exception to

the FTCA. Plaintiffs argue, however, that their claim with respect to the discarded

items should be allowed to proceed. Plaintiffs argue that the independent

contractor exception does not bar their claim with respect to the discarded items

because the government controlled the "physical performance" of Environmental

Resources's daily activities. (Doc. 19 at 5). Plaintiffs further argue that factual

issues exist as to whether the $500 paid to Burns was intended as full

compensation for all of the property in the workshop that Environmental

Resources discarded, or merely compensation for a single "drawer of electronic

equipment" that was stored in the workshop. (Doc. 19 at 2).

The Court conducted a hearing on the motion on October 8, 2021. The

Court is prepared to rule.

## DISCUSSION

### a.    Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The moving party bears the initial burden to demonstrate "the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). If the moving party meets its initial responsibility, the burden shifts to the non-moving party to establish a genuine issue of material fact actually does exist. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986). The non-moving party may not rely upon the allegations or denials in its pleadings, but must tender specific facts in the form of admissible discovery material showing that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 586 n. 11. Summary judgment may be entered against the non-moving party if the non-moving party fails to present specific facts showing that there is a genuine issue for trial. *Id.*

**b.     Independent Contractor's Exception to the FTCA**

The United States, as a sovereign, is immune from suit unless it consents to

be sued. *United States v. Orleans*, 425 U.S. 807, 814 (1976). The FTCA provides

a limited waiver of that sovereign immunity. *Autrey v. United States*, 424 F.3d

944, 956 (9th Cir. 2005). Under the FTCA, Congress has waived sovereign

immunity and has consented for the government to be sued for the negligent or

wrongful acts of its employees committed within the scope of their employment.

28 U.S.C. § 1346(b)(1). The FTCA defines government employees to include

officers and employees of any federal agency. 28 U.S.C. § 2671.

The consent to be sued does not extend to the acts of independent

contractors working for the government. *Peacock v. United States*, 597 F.3d 654,

658 (5th Cir. 2010). The FTCA expressly states that a "contractor with the United

States" is not an agent of the government. 28 U.S.C. § 2671. This limitation on

subject matter jurisdiction is known as the independent contractor exception to the

FTCA. The independent contractor exception protects the United States from

vicarious liability for the negligent acts of independent contractors. *United States*

*ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall*, 355 F.3d 1140, 1146 (9th Cir.

2004); *Yanez v. United States*, 63 F.3d 870, 872 n. 1 (9th Cir. 1995).

The government may be sued under the FTCA for the actions of a government contractor only if it established that the contractor was acting as an agent of the government. *Autery*, 424 F.3d at 957.  An independent contractor may be considered an agent of the government, for purposes of the FTCA, only if it is shown that the government possessed the authority "to control the detailed physical performance of the contractor." *Orleans*, 425 U.S. at 814.  The operative question in this regard is whether the contractor's "day-to-day operations" were supervised by the government. *Orleans*, 425 U.S. at 815; *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 858 (9th Cir. 2011);  *Autrey*, 424 F.3d at 957; *Laurence v. Dept. of Navy*, 59 F.3d 112, 114 (9th Cir. 1995).

It is well established that the party seeking to invoke the jurisdiction of a federal court bears the burden of showing that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001).  A party who sues the United States must show that the government has waived its sovereign immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).  The independent contractor exception affects a federal court's jurisdiction.  Therefore, it logically follows that a party suing the United States bears the burden of showing that the independent contractor exception does not apply. See *Dickman v. United States*, 2006 WL 8455252, at *3

(S.D. Cal. March 8, 2006); *Myers v. United States*, 2004 WL 7323089, at *4 (S.D. Cal. Dec. 13, 2004). Plaintiffs do not argue otherwise. Thus, it is Plaintiffs' burden in this case to show that Environmental Resources was acting as an agent of the government for purposes of the FTCA.

### c.    Items Discarded by Environmental Resources

It undisputed that Environmental Resources was an independent contractor hired by the government to remediate a hazardous waste situation on the Norris Labs property. Francis stated in his declaration that Environmental Resources is an independent contractor that the EPA hires to provide "primary response to emergency . . . hazardous waste situations." (Doc. 17-2 at 2). It is also undisputed that Environmental Resources was the party that discarded the items in the workshop. Francis stated in his declaration that Environmental Resources cleaned and set aside the items in the workshop that Burns had marked with duct tape, and discarded the unmarked items. (Doc. 17-2 at 4).

Plaintiffs argue that Environmental Resources should be deemed an agent of the government because McComb "went through the [workshop] with [Burns]" and told the Environmental Resource employees that they should discard the items that Burns did not mark with duct tape. (Doc. 19 at 5). Plaintiff's argument is not persuasive.

Anytime the government hires a contractor the government must describe the task that the contractor is to complete. The government's instructions describing the nature of the work to be performed by the contractor does not convert the contractor into an agent of the government. See *Hsieh v. Consol. Engr. Services, Inc.*, 569 F. Supp. 2d 159, 179 (D.D.C. 2008) (evidence that the government required the contractor "to follow specific procedures in carrying out its work" does not convert the contractor into a government agent)*; Orleans*, 425 U.S. at 815 (evidence that the government reserved the right to inspect the contractor's work and monitor the contractor's compliance with federal regulations does not convert the contractor into a federal agent); see also *Vallier v. Jet Propulsion Lab.*, 120 F. Supp. 2d 887, 895 (C.D. Cal. 2000). As discussed above, a contractor is deemed an agent of the government only if the government actually supervises the contractors's day-to-day operations. *Autrey*, 424 F.3d at 957; *Laurence*, 59 F.3d at 114.

Here, the record contains no evidence that the government supervised Environmental Resources's day-to-day operations. The Court therefore lacks

subject matter jurisdiction over Plaintiffs' claim with respect to the items discarded by Environmental Resources.[1]

Accordingly, IT IS HEREBY ORDERED:

1.    Defendant's Motion for Summary Judgment (Doc. 15) is GRANTED.

2.    Plaintiffs' Complaint is DISMISSED without prejudice.

3.    The Clerk is directed to enter judgment accordingly.

DATED this 18th day of October, 2021.

John Johnston
United States Magistrate Judge

---

[1] Given that the Court lacks subject matter jurisdiction over this matter, it would be inappropriate for the Court to address the government's argument that Plaintiffs have been fully compensated for all of the items that Environmental Resources discarded.